United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10985
Summary Calendar

_____

DAVID BELL; WARREN GULLEY; WARRYN SIMON; LUIS ANDRADE,

Plaintiffs-Appellants,

versus

CITY OF DALLAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:01-CV-29-P)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the summary judgment awarded the City of
Dallas against (1) Title VII gender discrimination claims, (2) 42
U.S.C. § 1983 procedural due process claims, and (3) state law
breach of contract claims. All of the claims arose from a
reorganization of the City's Communications Information Services
Department, by which: male plaintiffs Bell and Andrade's positions
were reclassified from grade 49 to 48; male plaintiffs Gulley and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Simon's grades remained the same, but their job titles were changed; and a new grade 63 position was created, to which Goree (female, originally grade 48) was appointed. On appeal, the City is charged with: discriminating against three of the four plaintiffs, by allegedly promoting Goree; and violating Bell and Andrade's procedural due process rights and breaching their contract, by not providing a post-demotion hearing.

Summary judgment was awarded against the Title VII claim because Goree's reclassification was not an "ultimate employment decision". *E.g.*, **Burger v. Central Apartment Management, Inc.**, 168 F.3d 875, 878 (5th Cir. 1999)(such decisions include "hiring, granting leave, discharging, promoting, and compensating" (citations omitted)). It was awarded on the due process claim because it was time barred and on the contract claim because, in the context of the city-wide reclassification, the City was not obligated contractually to provide a post-demotion hearing.

A summary judgment is reviewed *de novo*. *E.g.*, **Taita Chem. Co., Ltd. v. Westlake Styrene Corp.**, 246 F.3d 377, 385 (5th Cir. 2001). Such judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c).

Bell, Gulley, and Simon (but *not* Andrade) contend Goree's reclassification from grade 48 to 63 was an "ultimate employment decision" for purposes of Title VII. They maintain Goree's

reclassification: included a higher salary *range*; placed her on a "career path", which allowed for subsequent promotions; entitled her to an office; allowed her to attend school, without documenting her absence from work; and relieved her from being called to work overtime. As the district court noted, however, Goree's reclassification did not increase her pay or change her job description. In fact, it appears that, because of her new inability to earn overtime, her pay decreased as a result of the reclassification. In short, and essentially for the reasons stated by the district court, Goree's reclassification did not constitute an "ultimate employment decision".

Concerning an ultimate employment decision *vel non*, plaintiffs summarily contend, in reference to Bell and Andrade, that this court "should analyze whether any of the ... parties involved received an increase or decrease in salary". (As noted, Andrade does not contest the Title VII ruling.) However, the demotions, as opposed to the City's alleged failure to reclassify to grade 63, are entirely distinct from Goree's reclassification, and therefore cannot count as "ultimate employment decisions" for the purposes of the Title VII claim.

Regarding their demotion-related claims, Bell and Andrade maintain: the limitations period for a procedural due process action did not begin until their salary was decreased, even though their grievance concerning the claimed demotions had been denied

two years earlier; and the City's charter entitled those demoted (pursuant to the city-wide reclassification) to an appellate hearing.  Essentially for the reasons stated by the district court in its well-reasoned opinion, these contentions are without merit.

*AFFIRMED*

4